DECISION
Plaintiffs appeal Defendant's application of interest and warrant fees to their account for late property tax payments for the seven tax years 2000-2001 through 2006-07.
A case management conference was held on April 3, 2008. Dennis F. Chapman and Elaine A. Chapman (Plaintiffs) appeared on their own behalf, and Daniela Urbatzka, Property and Tax Manager, appeared on behalf of Lane County Assessor (Defendant). Both parties agreed to submit further information to the court by letter and to allow the final decision to be based on their written submissions. The record closed on June 2, 2008.
 I. STATEMENT OF FACTS
The subject property, Account 4056766, is a manufactured home located on land at 76240 Martin Creek Road. (Ptfs' Compl at 2.) The original owner of record was Clare Chapman (Clare). (Def's Answer at 1.) In 1998, Clare moved into Plaintiffs' home in Portland where he lived until his death on October 18, 1999. (Ptfs' Ltr, Apr 15, 2008; Def's Ltr at 1, Apr 9, 2008.) At some point after Clare's death, "a deed was recorded changing the ownership" of the manufactured home. (Def's Answer at 1.) No evidence has been submitted indicating when, or whether, after his death, the address on the deed was changed to reflect that of the new owner. *Page 2 
For the 2000-2001 through 2006-07 tax years, Defendant mailed property tax statements to Clare at 78554 Bryson Sears Road, Cottage Grove, Oregon. (See Def's Ltr, Apr 9, 2008.) Defendant used that address because, dating back to 1999, Defendant's database listed that address for the account. (Id.) According to Defendant, its records also show no request for an address change for that account. (Id.)
Plaintiffs contend they never received the property tax statements and were unaware "money was owed." (Ptfs' Compl at 1.) Plaintiffs state that, after Clare came to live with them in October 1998, his mail was forwarded to their address in Portland and he received all of his other bills, but never received the property tax statements at their home. (Ptfs' Ltr, Apr 15, 2008.)
Defendant mailed a tax warrant to Plaintiffs, addressed to Dennis F. Chapman at 1534 Jason Lee Avenue in Cottage Grove, that was delivered on July 3, 2007. (Ptfs' Compl at 2; Def's Ltr at 1, Apr 9, 2008.) On July 6, 2007, Plaintiffs notified Defendant by phone that Clare died in October 1999. (Def's Ltr at 1, Apr 9, 2008.) Plaintiffs paid the delinquent taxes on July 20, 2007, and filed a Complaint with the court on February 21, 2008. (Id.)
Plaintiffs agree that property taxes were owed but request that the court waive the interest and warrant fees that have accumulated since 2000. (Ptfs' Compl at 1.) Plaintiffs contend that they normally pay their taxes "in a proper manner" and would have done the same for these taxes if they had known the payments were due. (Ptfs' Ltr, Apr 15, 2008.) They also state that if Defendant had contacted them at their mailing address earlier, the interest and warrant fees could have been avoided. (Id.)
 II. ANALYSIS *Page 3 A. Interest and Warrant Fees for Late Property Tax Payments
All real property in Oregon is subject to property tax. ORS307.030.[1] The manufactured structure and the land on which it sits are located in Cottage Grove, Oregon, and are therefore subject to property tax in the State of Oregon. (Ptfs' Ltr, Apr 15, 2008.) Under ORS 311.250(1), the tax payment is due by November 15 of each tax year. That statute requires that "in each year, the tax collector shall deliver or mail to each person * * * shown on the tax roll as an owner of real or personal property * * * a written statement of property taxes payable on the following November 15."
If the payments are not made by November 15, interest will be charged to the account. ORS 311.505(2). ORS 311.505(2) states in relevant part, that, "[i]nterest shall be charged and collected on any taxes on property * * * or installment thereof not paid when due, at the rate of one and one-third percent per month or fraction of a month until paid." Plaintiffs did not make payments by November 15 for tax years 2000-2001 through 2006-07. Plaintiffs paid taxes for those years on July 20, 2007, making all payments past due and subject to interest and additional fees under ORS 311.505(2). (Def's Ltr at 1, Apr 9, 2008.)
As stated above, ORS 311.250 requires tax collectors to deliver or send property tax statements to taxpayers by mail. ORS 308.212(1) and ORS 311.555 place a duty on the taxpayer to ensure the correct mailing address is on record. ORS 308.212(1) states that "[a]ny person who owns real property located in any county shall notify the county assessor for the county where the *Page 4 
property is located of that owner's current address and, within 30 days of the change, shall notify the assessor of any change of address." Additionally, ORS 311.55 states that,
 "[e]ach person * * * owning real or personal property within the state, or against whom taxes upon real or personal property are chargeable, shall keep the tax collector of the county where such real or personal property is situate[d] informed of the true and correct address of the person * * *. No person * * * who fails to keep the tax collector so informed shall be permitted to plead lack of due notice given by the tax collector in any suit, action or other proceedings commenced or prosecuted under the provisions of ORS 311.545 to 311.565 or in any matter growing out of the ministration of ORS 311.545 to 311.565."
In 1999, the owner of record for the trailer was Clare, and Defendant's database showed his mailing address as 78554 Bryson Sears Road, Cottage Grove. (Def's Ltr at 1, Apr 9, 2008.) Clare died in October 1999, and a deed was later recorded changing the ownership. (Def's Answer at 1; Def's Ltr at 1, Apr 9, 2008.) However, Plaintiffs did not contact Defendant about Clare's death and the transfer of ownership until 2007, which is much later than the 30 day notice requirement set forth in ORS 308.212(1). (Id.) Plaintiffs acknowledge that "the trailer sits on the property that [they] own," but Defendant's database shows no record of any address change requests for that account. (Ptfs' Ltr, Apr 15, 2008; Def's Ltr at 1, Apr 9, 2008.) From 2000 until July 2007, Defendant continued mailing the statements to Clare at 78554 Bryson Sears Road, Cottage Grove, the address for the account. (See Def's Ltr, Apr 9, 2008.) Plaintiffs did not fulfill their statutory duty to notify the county assessor within 30 days of the address change and failed to keep the assessor informed of their "true and correct address" after the property changed ownership.
A presumption exists that every citizen knows "that his land [is] taxable, that in due course it [will] be assessed, a tax levy extended * * * and it [will] be placed on the tax rolls, [and] that it [is] his duty to timely pay his taxes * * * [.]" Hood River County v.Dabney, 246 Or 14, 28, 423 P2d 954 (1967) (citing dissent in Welborn v.Whitney, 190 Okla 630, 642-43, 126 P2d 263, 275 *Page 5 
(1942)). Under ORS 311.250(2), "[t]he failure of a taxpayer to receive the statement described in this section shall not invalidate any assessment, levy, tax, or proceeding to collect tax." Plaintiffs did not receive any property tax statements sent to Clare's Bryson Sears Road address in Cottage Grove but that fact does not excuse them from their duty to pay the tax each year in a timely manner. Because Plaintiffs paid those taxes late, ORS 311.505(2) requires that interest and fees must be paid as well.
B. Exception to the General Rule; Damages
In circumstances where the county has failed to properly record the address provided by taxpayer, the court has been willing to grant relief to taxpayers by awarding damages. E.g., Leyva v. Lane CountyAssessor, TC-MD No 021281E, WL 21277204 (Feb 28, 2003); Campbell v.Multnomah County Assessor, TC-MD No 020187C, WL 1611544 (July 19, 2002). ORS 311.565 provides that,
 "[t]he failure of the tax collector to keep true and correct addresses * * * shall not invalidate any proceeding to collect taxes, but shall subject the tax collector to any damages sustained by any person injured by the failure of the tax collector to keep the addresses or to give the notice."
Here, Plaintiffs have not presented any evidence that they contacted Defendant prior to 2007 asking that the mailing address be updated to reflect the new ownership of the land and trailer; therefore, the exception in ORS 311.565 is not applicable to this case.
 III. CONCLUSION
Plaintiffs did not fulfill their statutory duty to inform Defendant of their mailing address as required by ORS 308.212(1) and 311.555. Although Plaintiffs failed to receive the property tax statements for tax years 2000-2001 through 2006-07, because the taxes were *Page 6 
past due, the interest and warrant fees applied to Plaintiffs' account are lawfully assessed under ORS 311.505(2). Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this ____ day of August 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 1999. There have been no significant changes to later years of the ORS, which would apply to the latter years under appeal. *Page 1